MARIANE M. LYONS, PETITIONER-APPELLANT, v. STATE
OF NEW JERSEY, DEPARTMENT OF THE TREASURY,
DIVISION OF PENSIONS, BOARD OF TRUSTEES
POLICE AND FIREMEN'S RETIREMENT SYSTEM, RE-
SPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 4, 1977—Decided October 19, 1977.

Before Judges HALPERN, LARNER and KING.

*Mr. Thomas A. Deakin,* argued the cause for appellant (*Messrs. Minogue, Deakin and Grabler,* attorneys).

*Mr. Stacy L. Moore, Jr.,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

KING, J. A. D. This is an appeal from a final determination of the Board of Trustees of the Police and Firemen's Retirement System (Board), *N. J. S. A.* 43:16A–1 *et seq.,* denying appellant widow's survivor benefits. We are required to apply the statutory definition of "widow" to an unusual and undisputed factual situation.

Appellant was married to Francis Lyons in 1944. In 1947 Lyons joined the Newark Police Department and enrolled in the Police and Firemen's Retirement System. Lyons retired on July 1, 1975. He and appellant were divorced on August 25, 1975. They remarried on March 16, 1976 and 11 days later Lyons died. Appellant's application for widow's survivor benefits was denied by the Board on the ground that she was not a widow as defined by the statute. The statute defines widow as follows:

"Widow" shall mean the woman to whom a member or retirant was married at least 5 years before the date of his death and to whom he continued to be married until the date of his death and who has not remarried. [*N. J. S. A.* 43:16A–1(24)]

The key phrase for construction is "continued to be married." Appellant contends the phrase is vague and ambiguous and should be construed to allow her entitlement to survivor's benefits under these facts. The Board contends the restrictive definition is clear and in order to qualify as a widow the claimant spouse must be in a continuous marriage relationship with the retiree for at least five years preceding the date of the retiree's death. The Legislature's restrictive definition of "widow" was no doubt intended to protect the financial integrity of the pension fund. See

*Chausmer v. Comm'r Emp. Retirem. Syst., Newark,* 150
*N. J. Super.* 379 (App. Div. 1977); *Reiser v. Passaic Cty.
Pension Comm'n,* 147 *N. J. Super.* 168, 187 (Law Div.
1976). This court has observed with respect to a pension
statute that "[an] employee has only such rights and ben-
efits as are based upon and within the scope of the pro-
visions thereof." *Matthews v. Irvington Bd. of Ed.,* 31 *N. J.
Super.* 292, 298–299 (App. Div. 1954). The Supreme Court
in *Geller v. N. J. Treasury Dep't,* 53 *N. J.* 591, 597–98
(1969), in discussing the judicial treatment of pension legis-
lation, stated, "Being remedial in character, statutes creat-
ing pensions should be liberally construed and administered
in favor of the persons intended to be benefited thereby."
As this court stated in *Hillman v. Bd. of Trustees, etc.,* 109
*N. J. Super.* 449, 455 (App. Div. 1970), "Our task is to
give that language a fair and practical interpretation with
reference to the purposes of the retirement act. Pension
statutes are to be liberally construed to effectuate their reme-
dial intent."

The statutory definition of widow in this factual context is
vague. "Continue" may be defined as meaning to persist
without interruption. However, it may also mean to resume
after interruption or intermission. *Webster's Third New In-
ternational Dictionary* (unabridged, 1971). The Board ar-
gues that the words "continued to be married" in the stat-
ute require a "continuous" marriage relationship for the five
years preceding death. "Continuous" is defined essentially
as uninterrupted. *Webster's, supra.* If the word "continuous"
had been used in the statute there would be no need for
judicial construction in this factual context but it was not.

The intermediate appellate court of California allowed sur-
vivor's benefits in *Cavitt v. City of Los Angeles,* 251 *Cal.
App.* 2d 623, 59 *Cal. Rptr.* 690 (Ct. App. 1967), applying
the principle that "pension statutes are to be liberally in-
terpreted in favor of the applicant so as to effectuate, rather
than defeat, their avowed purpose of providing benefits for
the employee and his family." 59 *Cal. Rptr.* at 692. In the

course of its opinion the California court noted the distinction in meaning between "continued" and "continuously," remarking:

The words "continued married", as distinguished from the concept contained in the words "continuously married", may be construed to require only that the parties be married at the date of death rather than that the marriage in existence at the date of retirement must have been continuously in existence from its beginning at all times up to and including date of death. There is in this case a single widow and a single marriage. [*Id.* 59 *Cal. Rptr.* at 693]

We hold that appellant in this situation satisfied the statutory requirement that she be a woman to whom retirant was married for at least five years before the date of his death and to whom he continued to be married until the date of his death. This result does not tend to impair the actuarial soundness of the pension system to which Lyons contributed for 28 years, during all of which years he was married to appellant. Nor does this result clash with the legitimate legislative purpose to discourage death-bed marriages motivated substantially for financial reasons. Appellant is entitled to survivor's benefits under *N. J. S. A.* 43: 16A–12.1.

Reversed.